GEORGE J. KAREL v. DONALD J. BROWN.

241 N. W. 2d 485.

April 23, 1976—Nos. 45600, 45878.

*Peterson & Holtze* and *Robert C. Holtze,* for appellant.
*Nemo, Bell, Stapleton, Brenner & Nolan* and *James R. Bell,* for respondent.

Heard before Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

In this personal injury action, Donald J. Brown appeals from the denial of a post-trial motion and from a judgment entered pursuant to jury verdict in favor of George J. Karel assessing 67-percent causal negligence to Brown and 33-percent causal negligence to Karel. The only issue on appeal is whether Brown is entitled as a matter of law to a determination that Karel's negligence is equal to or greater than his. We affirm.

We perceive no purpose in relating the facts of this case. We have carefully reviewed the record herein and are in accord with the determination of the trial judge, made in response to a motion for judgment notwithstanding the verdict, that the factual dispute here involved was properly for the jury. Our statement in Riley v. Lake, 295 Minn. 43, 58, 203 N. W. 2d 331, 340 (1972), is dispositive of this case:

"At best it would seem that, unless the evidence is so conclusive that reasonable minds can come to only one conclusion, the question of the apportionment of causal negligence should be left to the jury. * * * [W]e have concluded that, except in those rare cases where there is no dispute in the evidence and the factfinder could come to only [one] conclusion, the apportionment of negligence should be left to the jury."

Affirmed.